UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,

    Plaintiff,

Case No. 2:19-cv-12168

HONORABLE STEPHEN J. MURPHY, III

v.

DARLENE O'BRIEN and
ALEXANDRIA TAYLOR,

    Defendants.
_____/

**ORDER GRANTING APPLICATION
TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING THE CASE**

On July 24, 2019, Plaintiff Robert Winburn filed his pro se complaint and application to proceed in forma pauperis ("IFP"). ECF 1, 2. In his IFP application, Winburn states that he is incarcerated at G. Robert Cotton Correctional Facility and has no other source of income. ECF 2, PgID 93. His prisoner trust account statement reflects average monthly deposits of $23.20 and an average monthly account balance of negative $35.11. *Id.* at 95. The Court will grant Winburn's request to proceed IFP.

After reviewing the complaint, however, the Court determines that it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii). The Court will therefore sua sponte dismiss the complaint. *Id.* § 1915(e)(2) (requiring the Court to "dismiss [an IFP] case at any time if the court" finds certain features exist).

Although the Court liberally construes pro se-litigant filings, dismissal of a case is appropriate when the "claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (internal quotations and citation

1

omitted). Moreover, a pro se complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "In determining whether a complaint states a claim, a court must construe the complaint in a light most favorable to the plaintiff [and] accept all factual allegations as true[.]" *Goldman v. Consumers Credit Union*, No. 17–1700, 2018 WL 3089811, at *3 (6th Cir. Feb. 14, 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that offers "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertions devoid of 'further factual enhancement'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (citation omitted).

Plaintiff, a state prisoner, alleges that Defendants Darlene O'Brien ("Judge O'Brien")—a Washtenaw County judge—and Alexandria Taylor ("Attorney Taylor") violated his First Amendment rights. ECF 1, PgID 3–4. Plaintiff alleges that Defendants violated several other clauses of the Constitution, including the Fourteenth Amendment's Privileges and Immunities Clause, Equal Protection Clause, and Due Process Clause and Article I's Suspension Clause. *Id.* at 6. Plaintiff also wishes to bring a legal malpractice claim against Attorney Taylor. *Id.* at 26.

Plaintiff's claims stem from a criminal case in Washtenaw County court, Case No. 17-654-FC ("Washtenaw County criminal case"). *Id.* at 7. On June 21, 2019, Judge O'Brien signed an order ("Injunction") that enjoined Defendant from filing "any

2

complaint or grievance in [Washtenaw County court], with the Attorney Grievance Commission, or any court against his appointed counsel until trial of the case is concluded." *Id.* (emphasis omitted). Plaintiff complains that the order infringes upon his "rights under the Free Speech Clause, the right of Petition Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment, as well as the Equal Protection Clause, and Suspension Clause, and bars complaints for breach of Mich. Comp. Laws [§] 780.981 et seq." *Id.* at 8. Plaintiff then recites portions of the Magna Carta and quotes from Sir Edward Coke. *Id.* Plaintiff argues that advocacy in litigation is free speech. *Id.* at 9.

Next, Plaintiff takes issue with Attorney Taylor's representation of him in the Washtenaw County criminal case, including arguing "her own motion" on May 30, 2019 and discussing testimony against the Prosecutor's "own crime victim . . . who is a #1 suspect in the murder and disposal of a body involving an unrelated case." *Id.* at 12–13 (emphasis in original). Plaintiff alleges that Attorney Taylor said she might file a motion to dismiss charges and might "sabotage" the motion if Plaintiff did not withdraw his habeas corpus petition in *Libby v. Lindsey*, 3:18-cv-13842 (E.D. Mich.). *Id.* at 13–15, 53. He complains that Attorney Taylor's motion was "ineffective, inadequate, and deficient." *Id.* at 16. He goes on to list several disagreements with Attorney Taylor's state court motion. *Id.* at 17–18. He argues that Attorney Taylor's actions constitute "felony conduct" under state law. *Id.* at 15.

3

Plaintiff also alleges that Attorney Taylor told him that if he disobeys the Injunction he "would be tried in abstentia and forfeit his right to be present at trial or testify in his own defense." *Id.* at 20.

Plaintiff seeks declaratory relief that the Injunction is unconstitutional and declaratory and injunctive relief that Judge O'Brien and Attorney Taylor must cease actions that violate Plaintiff's constitutional rights. *Id.* at 26. He also seeks damages against Taylor for his state legal malpractice claim and requests that the Court enter an order appointing counsel. *Id.*

Plaintiff does not state a claim upon which relief may be granted. His free speech claim stems from the Injunction issued by Judge O'Brien—the presiding judge in an open state criminal case in which Plaintiff is the defendant.[1] Plaintiff has yet to go to trial. The Court must abstain from enjoining or otherwise interfering with the pending Washtenaw County criminal case pursuant to *Younger v. Harris*, 401 U.S. 37, 41 (1971). *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (holding that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). Plaintiff has not shown "bad faith, harassment, or any other unusual circumstance" justifying an injunction. *Younger*, 401 U.S. at 54. Because a federal court cannot enjoin a pending state

---

[1] Judge O'Brien cannot be liable in a suit for damages. Judicial immunity extends to all judicial acts by a judge. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Stump v. Sparkman*, 435 U.S. 349, 359–60 (1978). But judicial immunity is not a bar to prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

4

criminal proceeding and no unusual circumstances exist, declaratory judgment is also unavailable. *See Samuels v. Mackell*, 401 U.S. 66, 72–73 (1971).

And Plaintiff does not sufficiently allege how Attorney Taylor was involved in the alleged violation of his First Amendment rights. The Court must dismiss Plaintiff's First Amendment claim against Attorney Taylor under § 1915(e)(2)(B)(ii).

Plaintiff similarly does not state a claim of violations of other constitutional rights. His allegations of injuries are conclusory—he simply states that he has been denied various constitutional rights. ECF 1, PgID 25. The Court must dismiss all of his remaining claims under § 1915(e)(2)(ii) because he fails to state a claim on which relief may be granted.

Finally, the Court does not have jurisdiction over Plaintiff's malpractice claim against Attorney Taylor.

Federal courts have dismissed two of Plaintiff's prior civil rights complaints for failure to state a claim upon which relief could be granted. *Winburn v. Coles,* No. 1:98-cv-00243 (W.D. Mich. Aug. 12, 1998), ECF 7; *Winburn v. Jackson*, No. 5:07-cv-15440, 2008 WL 108888 (E.D. Mich. Jan. 7, 2008), *aff'd*, No. 08-1166/1232 (6th Cir. Dec. 9, 2008). A prisoner cannot bring a civil action without prepaying fees or costs if, "on 3 or more occasions, while incarcerated or detained at any facility" he "brought an action or appeal" in a federal court "that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g). Because this Order dismisses Plaintiff's civil complaint for failing to state a claim upon which relief could be granted, there are now three strikes against Plaintiff. Plaintiff Robert

5

Winburn a/k/a Scott Libby may not file a complaint without prepaying costs or fees unless he shows that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's application to proceed IFP [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Robert Winburn a/k/a Scott Libby, prisoner number 222196, is **ENJOINED** from filing any civil action without prepaying costs or fees unless he shows that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: August 13, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2019, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager